UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRVING BERRY, | ) |
| | ) |
| Petitioner, | )   No. 4:23-CV-1116-RLW |
| | ) |
| v. | ) |
| | ) |
| TERI VANDERGRIFF, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Irving Berry's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner challenges his parole release date arising out of his September 13, 1979 convictions of first degree robbery, rape, and kidnapping in the Circuit Court for the City of St. Louis. Petitioner attaches to his petition documents showing that he was terminated from Missouri's Sexual Offender Program (MOSOP), Phase I, because he would not admit guilt. *See* ECF No. 1-5. Because of his termination from MOSOP, petitioner was not granted an earlier release date. *See* ECF No. 1-9. Petitioner's § 2254 petition seeks immediate release from his incarceration at the Farmington Correctional Center.[1] *Id.*

The Court's records show that petitioner previously brought a motion for relief under 28 U.S.C. § 2254, which the Court denied on the merits. *See Berry v. Armontrout*, No. 4:88-CV-765

---

[1] Petitioner cites to Missouri Revised Statute § 536.014, which concerns administrative procedure and review, to state that requiring him to admit guilt violates state law. *See* ECF No. 1-7. He cites another Missouri Statute for the same premise, § 547.035 R.S. Mo., which concerns postconviction DNA testing. *See* ECF No. 1-8. Neither statute is relevant to this § 2254 action.

(E.D. Mo.).[2] Petitioner also brought two prior habeas petitions pursuant to 28 U.S.C. § 2241, which were dismissed for failure to exhaust state remedies. *See Berry v. Rowley*, No. 4:99-CV-1713-LOD (E.D. Mo. Apr. 28, 2000) and *Berry v. Rowley*, No. 4:99-CV-1250-LOD (E.D. Mo. Sept. 8, 1999). In addition, petitioner has brought four successive habeas petitions in this Court, which were dismissed because they lacked authorization from the Court of Appeals. *See Berry v. Kemna*, No. 4:16-CV-385-NCC (E.D. Mo. Jul. 22, 2016); *Berry v. Kemna*, No. 4:01-CV-1086-ERW (E.D. Mo. Aug. 22, 2001) *Berry v. Rowley*, No. 4:00-CV-1110-LOD (E.D. Mo. Nov. 30, 2000); *Berry v. Purkett*, No. 4:97-CV-00568-TIA (E.D. Mo. May 22, 1997).

Title 28 U.S.C. §2254(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication that the Court of Appeals has certified the instant habeas application as required by § 2244(b)(3)(A). As such, this Court lacks authority to grant petitioner the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's writ of habeas corpus pursuant to 28 U.S.C. §2254 is **DENIED** and this case is **DISMISSED** because petitioner has not been authorized by the Court of Appeals to bring this successive action as required by 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**. [ECF Nos. 4, 5, 9, and 10]

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

---

[2] Because this case predates the Court's electronic filing system, it is not available on CM/ECF. The case is discussed in *Berry v. Kemna*, No. 4:16-CV-385-NCC (E.D. Mo. Jul. 22, 2016).

An Order of Dismissal will accompany this Memorandum and Order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of March, 2024.