**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IRVING BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01116-HEA |
| | ) | |
| TERI VANDERGRIFF, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court upon review of Petitioner Irving Berry's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  Because it appears Petitioner has not exhausted his remedies in state court, the Court will order Petitioner to show cause why this action should not be dismissed without prejudice.

**Background**

In September 1979, a jury in the City of St. Louis convicted Petitioner of first-degree robbery, rape, and kidnapping.  The state court sentenced him to respective terms of life imprisonment, 30 years imprisonment, and 25 years imprisonment, to be served consecutively.  His convictions were affirmed on direct appeal. *State v. Berry*, 609 S.W.2d 948 (Mo. banc 1980).  He sought post-conviction relief under

Missouri Rule 27.26, which was denied twice.  This denial was upheld on appeal. *Berry v. State*, 714 S.W.2d 676 (Mo. Ct. App. 1986).[1]

In 1988, Petitioner brought a motion for relief under 28 U.S.C. § 2254, which the Court denied on the merits.  *See Berry v. Armontrout*, No. 4:25-cv-1903-JSD (E.D. Mo. Dec. 22, 2025) at Doc. 1-1 (report and recommendation from *Berry v. Armontrout*, No. 4:88-cv-765 (E.D. Mo. Oct. 31, 1988)).  Petitioner also brought two prior habeas petitions pursuant to 28 U.S.C. § 2241, which were dismissed for failure to exhaust state remedies.  *See Berry v. Rowley*, No. 4:99-cv-1713-LOD (E.D. Mo. Apr. 28, 2000) and *Berry v. Rowley*, No. 4:99-cv-1250-LOD (E.D. Mo. Sept. 8, 1999).  In addition, Petitioner has brought four successive habeas petitions in this Court, which were dismissed because they lacked authorization from the Court of Appeals.  *See Berry v. Kemna*, No. 4:16-cv-385-NCC (E.D. Mo. Jul. 22, 2016); *Berry v. Kemna*, No. 4:01-cv-1086-ERW (E.D. Mo. Aug. 22, 2001); *Berry v. Rowley*, No. 4:00-cv-1110-LOD (E.D. Mo. Nov. 30, 2000); *Berry v. Purkett*, No. 4:97-cv-568-TIA (E.D. Mo. May 22, 1997).

More recently, Petitioner brought a §1983 action challenging the requirement that he attend Missouri's Sexual Offender Program (MOSOP).  *See Berry v. Pfister*,

---

[1] This information was found in the Court's denial of Petitioner's first § 2254 petition, *Berry v. Armontrout*, No. 88-765 (E.D. Mo. Oct. 31, 1988).  Petitioner attached this ruling as an exhibit to his most recent § 2254 petition in *Berry v. Armontrout*, No. 4:25-cv-1903-JSD (E.D. Mo. filed Dec. 22, 2025), Doc. 1-1.

2

4:21-cv-903-AGF (E.D. Mo. Jul. 22, 2021). The Court determined, among other things, that Petitioner had no constitutional or inherent right to early release from prison. Because Petitioner had no liberty interest in an early release, his due process challenge to mandatory MOSOP participation failed to state a constitutional claim. *Id.* at Doc. 13.

Next, he filed the instant §2254 petition. Although the Court initially dismissed the instant action as successive, on appeal the Eighth Circuit Court of Appeals determined the petition was not successive. *See* Doc. 13. It is now before the Court on preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

### The § 2254 Petition

Petitioner is a self-represented litigant who is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri. Petitioner challenges the cancellation of his parole release date arising out of his September 13, 1979 convictions for first degree robbery, rape, and kidnapping in the Circuit Court for the City of St. Louis. Petitioner attaches to his petition documents showing that he was terminated from MOSOP, Phase I, because he would not admit guilt. *See* Doc. 1-5.

Petitioner alleges that his termination from MOSOP violates Missouri Revised Statutes § 536.014 and § 547.035. Doc. 1-7. He also alleges that an

admission of guilt in the MOSOP program would defeat his claims of actual innocence and would prohibit him from filing a post-conviction motion for DNA testing. *See* Doc. 1-8 at 1. And he alleges an admission of guilt violates his Fifth Amendment right against self-incrimination. Because of his termination from MOSOP, the Board of Probation and Parole cancelled his early release date. *See* Doc. 1-9.

He states that the Board of Probation and Parole had granted him a parole date of August 6, 2022, apparently contingent on his completion of MOSOP. Doc. 1-9 at 2. On June 2, 2021, he did not admit guilt during a MOSOP meeting, and he was terminated from the program. "It was at that time, I was informed I would be TERMINATED from Phase I of MOSOP for not admitting guilt, and that my Parole Date would be taken/canceled." *Id.* He seeks to have both his early release dates, August 6, 2022 and August 23, 2023, restored by the Board of Probation and Parole. *Id.* at 3. Once these release dates are restored, he seeks immediate release from his incarceration at Farmington Correctional Center.

Petitioner has left blank all sections of the form § 2254 petition that seek information regarding the exhaustion of his claims. *See* Doc. 1 at 2-12. He also has not completed the section of the form seeking information about the timeliness of the petition. He states no facts from which the Court could determine whether he

challenged the Board of Probation and Parole's determinations in the Missouri state courts before initiating the instant action.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears the petitioner is not entitled to relief.  Based on the information available to the Court, it appears Petitioner is not entitled to relief because he failed to exhaust state remedies before initiating this action.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973).  Here, Petitioner claims the Board of Probation and Parole erred in cancelling his eligibility for early release.  Missouri law provides at least three avenues for challenging such determinations:  (1) by bringing a declaratory action against the Board, (2) by filing a state petition for writ of habeas corpus, or (3) by filing a petition for writ of mandamus. *See Wayne v. Missouri Bd. of Prob. & Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996); *see, e.g.*, *Spencer v. Hurley*, 2014 WL 2558694 (E.D. Mo. Jun. 6, 2014) (petitioner had filed in state court for declaratory judgment and injunctive relief under Missouri Rule 87.02 challenging the constitutionality of requiring a prisoner to admit his guilt in order to participate in MOSOP).

Here, Petitioner does not cite to any attempt to challenge the Board's determinations in state court before initiating the instant action, and he offers nothing to demonstrate exceptional circumstances for such failure.  Based on the Court's review of the Missouri state court docketing system, Missouri Case.net, it does not appear that Petitioner challenged the Board's decision in Missouri state court. Therefore, this action appears subject to dismissal due to Petitioner's failure to exhaust available state remedies before invoking federal habeas corpus jurisdiction. The Court will order Petitioner to show cause within 30 days as to why his petition should not be dismissed for failure to exhaust state court remedies.

### Petitioner's Pending Motions

Petitioner has filed three separate motion seeking the same relief as his §2254 petition: (1) "Petitioner's Motion Requesting His Aug. 17, 2025 Parole Release Date Granted by the Board Aug. 2023 Be Restored Immediately Because MOSOP Officials Unconstitutionally Without Authority of Law Cancelled Petitioner's Date 8-17, 2025, in the month of May 2025 Because Petitioner Berry Still Will Not Admit Guilt" (Doc. 16); (2) "Motion . . . Requesting for the Reasons in this Motion with Attached Exhibits A1 Through D-2 as to His August 17th, 2025, Parole Release Date Be Restored Immediately and Requesting an Evidentiary Hearing to Bring Forth Witnesses to Proofingly [sic] Prove Retaliation for Not Admitting Guilt Moved Officials to Cancel Petitioner Berry's August 17th, 2025 Parole Release Date

Without a Due Process Hearing" (Doc. 18); and (3) "Motion of Proof with His Attached Exhibits A and B Expressing Respondent By and Through BPP and MOSOP Officials Are Executing the Unlawful and Unconstitutional Practice Cancelling an Offender's Parole Release Date Without a Hearing with the Right to Appeal" (Doc. 19).   Because all three motions are dependent upon Petitioner's exhaustion of state court remedies, the Court will deny these motions without prejudice to refiling, if necessary, after the Court's determination of the exhaustion issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall reopen this § 2254 habeas corpus action.

**IT IS FURTHER ORDERED** that Petitioner shall show cause within 30 days why this action should not be dismissed for failure to exhaust state court remedies.  Petitioner's failure to show cause within 30 days will result in a dismissal of this action without prejudice and without further notice to Petitioner.

**IT IS FURTHER ORDERED** that Petitioner's pending motions, which seek the same relief as his § 2254 petition, will be **DENIED** without prejudice to refiling, if necessary, after the Court's determination of whether Petitioner's claims are cognizable in these proceedings.  (Docs. 16, 18, and 19).

7

Dated this 13th day of  March, 2026

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE